In the Matter of Supplementary Proceedings: JOHN K. BURTON and Others, Copartners in Business under the Firm Name and Style of BURTON & FENTON, Judgment Creditors, v. MARTIN ZUZULO and LUCY ZUZULO, Judgment Debtors. VITO FIORENTINO and Others, Impleaded as Claimants, Appellants; JOHN K. BURTON and Others, Copartners in Business under the Firm Name and Style of BURTON & FENTON, and Others, Impleaded as Claimants, Respondents.— Appeal dismissed on call of calendar, there being no appearance. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

In the Matter of the Petition of FLORENCE HELLMUTH, Also Known as FLORENCE ASHTON, Appellant, to Prove the Last Will and Testament of JOSEPHINE GAHRINGER, Also Known as JOSEPHINE WORTH, JOZEPA WOTH, JOSEFA WATH, and JOZEFA WUTH, Late of the County of Kings, Deceased. DELLA BRENNER, Also Known as ADELE WORTH, Respondent.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to both parties, payable out of the estate. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

In the Matter of the Final Judicial Accounting of JULIA C. JANIN and ARTHUR O. TOWNSEND, as Executors of JULIA A. JANIN, Deceased. In the Matter of the Estate of JULIA A. JANIN, Deceased. ARTHUR O. TOWNSEND, Executor, etc., of JULIA A. JANIN, Deceased, Appellant; EDITH M. R. SMITH, Claimant, and JULIA C. JANIN, Executor, etc., of JULIA A. JANIN, Deceased, Respondents.— On argument, order of the Surrogate's Court of Richmond county, denying motion of executor to compel respondent, Julia C. Janin, to perform her duties as coexecutor reversed on the law and the facts and motion granted. The respondent executor must comply with the terms of the order entered hereon, within thirty days, or be removed. Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur. Settle order on notice.

In the Matter of the Petition of JOSEPH D. SURPLESS and ABNER C. SURPLESS to Render and Settle Their Accounts as Executors of JAMES SURPLESS, Deceased. JOSEPH D. SURPLESS and ABNER C. SURPLESS, Individually and as Two of the Executors, etc., of JAMES SURPLESS, Deceased, Appellants; ELEANOR L. SURPLESS, Respondent.— Order of the Surrogate's Court of Kings county denying motion to vacate and set aside transcript of decree reversed on the law and the facts, with ten dollars costs and disbursements to appellants, payable out of the estate, and matter remitted to the Surrogate's Court for action in accordance with this decision. The decree was not docketable as a money judgment. (Surr. Ct. Act, § 87.)* The surrogate has power to undo that which was improperly done. He should, therefore, vacate and set aside the transcript, so that the records of the court may be in proper form. An application can then be made *ex parte* to the Supreme Court, based on the new state of the record in the Surrogate's Court, to cancel the judgment of record entered on the improperly issued transcript, which, because of the surrogate's corrective action with respect to his own records, would then have no valid basis. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

* See Surr. Ct. Act, § 81.— [REP.